B. George Ballman, Conroy, Fitzgerald & Ballman, Rockville, Md., for Riggs Nat. Bank.

**In re Robert E. KRAGH, Debtor.**

**Robert E. KRAGH, Plaintiff,**

v.

**The RIGGS NATIONAL BANK, Defendant.**

Bankruptcy No. 82–00473.
Adv. No. 84–0006.

United States Bankruptcy Court, District of Columbia.

Oct. 3, 1985.

## ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Before the Court is a motion by defendant Riggs National Bank ("Riggs") to dismiss the Debtor-plaintiff's complaint.

The foreclosure sale of Debtor's Maryland real property occurred on August 3, 1982, shortly before the Debtor filed his bankruptcy petition. The sale generated a surplus. Nevertheless, in view of "available exemptions," the bankruptcy trustee filed a notice of intention to abandon the real property and whatever interest the estate might have in the proceeds of sale, and on September 12, 1983, this Court authorized the abandonment. Thereafter, on

December 12, 1983, the Debtor filed in Maryland state court, exceptions to the post-foreclosure auditor's report which had been filed in accordance with Maryland law relating to foreclosures. However, the exceptions were filed late and hence were on January 5, 1984 stricken.[1] The Debtor filed this adversary proceeding on February 2, 1984, seeking turnover of any surplus funds to the Debtor and raising the same objections to the auditor's report as were contained in his previously-filed but stricken exceptions.

Defendant Riggs' motion to dismiss is based primarily upon *res judicata*. The Debtor has filed no opposition to Riggs' motion. Nevertheless, this Court has some concerns in light of *In re Brown*, 734 F.2d 119 (2d Cir.1984).

However, in *Brown*, the Debtor proceeded in timely fashion, both in the state courts and in the bankruptcy court. In this case, the Debtor's exceptions to the auditor's report were stricken (or not accepted for filing) on account of untimeliness, and only thereafter did the Debtor seek any relief in this Court. Although the bankruptcy court in *Brown* was "justified in denying any effect to" the state court orders because they "intruded on the bankruptcy court's exclusive jurisdiction to resolve competing claims to the property of the estate." (734 F.2d at 124), in this case this Court is, I believe, equally justified in allowing effect to a state court order (striking untimely-filed papers) which did not intrude on this Court's exclusive jurisdiction. Moreover, in *Brown*, the state courts ordered a judgment lienor paid out of excess proceeds, in derogation of the debtor's federal judgment-lien-avoidance rights under 11 U.S.C. § 522(f). Here, the Debtor

has not drawn this Court's attention to any provision of the Bankruptcy Code or any other federal law which requires a different distribution than that called for in the state court's orders.[2]

NOW THEREFORE IT IS ORDERED that the defendant's motion to dismiss is GRANTED, and this adversary proceeding is hereby DISMISSED.

---

1. More precisely, the Maryland court granted a motion *ne recipiatur*.

2. Dealing with each of the Debtor's points in turn:

(i) The Bankruptcy Code explicitly authorizes post-petition interest on oversecured debts. 11 U.S.C. § 506(b).

(ii) No impairment of exemption results from payment of expenses of sale and valid, nonvoidable liens and other charges against real estate

out of the proceeds of a foreclosure sale of that real estate. See 11 U.S.C. § 506(b).

(iii) The Code authorizes payment of a trustee's commission on a validly held foreclosure sale. 11 U.S.C. § 506(b).

(iv) Any error in the auditor's report in failing to note a federal tax lien should have been timely raised in the Maryland court. Any such error does not raise any issue of the Maryland court's refusal to acknowledge the supremacy of the federal Bankruptcy Code.